[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13171
Non-Argument Calendar
_____

D.C. Docket No. 1:06-cr-00326-LSC-HNJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD SMITH, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 5, 2020)

Before JILL PRYOR, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Gerald Smith, Jr., appeals the district court's denial of his motion for a reduced sentence under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 ("First Step Act"), arguing that the district court abused its discretion because it was required to consider the factors in 18 U.S.C. § 3553(a) and did not account for his exemplary post-sentencing conduct and intervening changes to the Sentencing Guidelines and his statutory punishment range.

In 2006, a grand jury indicted Smith for knowingly and intentionally distributing five or more grams of a mixture and substance containing a detectable amount of cocaine base, *i.e.*, crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  The government filed notice of its intent to rely on Smith's three prior felony drug convictions to enhance his sentence.  *See* 21 U.S.C. § 851(a).  Smith pleaded guilty pursuant to a written plea agreement with the government.

A probation officer prepared a presentence investigation report ("PSI"), in which she stated that Smith had sold 5.7 grams of crack cocaine to a confidential law enforcement source on March 16, 2006.  Because the offense involved more than five but less than twenty grams of crack cocaine, the probation officer calculated Smith's base offense level as 26, pursuant to U.S.S.G. § 2D1.1(c)(7).  The probation officer designated Smith as a career offender under U.S.S.G. § 4B1.1 because he had previously been convicted of at least two controlled

2

substance offenses, thus resulting in a career offender offense level of 34, reduced to 31 by acceptance of responsibility. This, combined with a criminal history category of VI, yielded an advisory guideline range of 188-235 months.[1]

At sentencing, the district court, following the PSI, calculated Smith's total offense level as 31, criminal history category as VI, and guideline imprisonment range as 188 to 235 months. The district court calculated Smith's guideline supervised release term as eight years. Then, the district court explained that it had a responsibility under 18 U.S.C. § 3553(a) to impose a sentence that was sufficient but not greater than necessary to accomplish the sentencing goals set forth in that statute. The district court noted that Smith had an extensive criminal record but had previously received lenient punishments. Further, Smith was selling drugs in March 2006, possessed over a kilogram of cocaine in April 2006, and poisoned other people by choosing to sell drugs. A life sentence was warranted, the district court stated, because Smith had already been given so many chances, but the district court explained that it would not impose a life sentence. Instead, the district court sentenced Smith to 235 months' imprisonment, explaining that a sentence at the high end of the guideline range was appropriate given the nature

---

[1]    The probation officer actually miscalculated the guideline range in a manner beneficial to Smith. She erroneously believed the statutory maximum sentence was 40 years, which yielded a career offender offense level of 34, which she used. Actually, because the statutory maximum was life in prison, the career offender offense level should have been 37, which, reduced by acceptance of responsibility to 34, should have yielded a guideline range of 262-327 months. None of the parties nor the judge at sentencing were aware of this error.

and circumstances of the offense, Smith's history and characteristics, and the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter future criminal conduct, and protect the public.  The district court also imposed 8 years of supervised release.

We review *de novo* whether a district court had the authority to modify a term of imprisonment.  *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020).[2]  We review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion.  *Id.*  A district court abuses its discretion when it "applies an incorrect legal standard."  *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015) (quoting *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014)).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits.  18 U.S.C. § 3582(c)(1)(B).  The First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment.  *Jones*, 962 F.3d at 1297.

The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine.  Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat.

---

[2] In *Jones*, we resolved four separate appeals—Nos. 19-11505, 19-10748, 19-11955, and 19-12847—in a single opinion.  For clarity, we will refer to the case as No. 19-11505, which is the case number associated with appellant Steven Jones.

2372, 2372 ("Fair Sentencing Act"); *see Dorsey v. United States*, 567 U.S. 260, 268-69 (2012) (detailing the history that led to the enactment of the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack cocaine and powder cocaine offenses was disproportional and reflected race-based differences).  Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from fifty grams to 280 grams and the quantity necessary to trigger a five-year mandatory minimum from five grams to twenty-eight grams.  Fair Sentencing Act § 2(a)(1)-(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii). Accordingly, the current version of § 841(b)(1) provides that an individual with a prior felony drug offense who commits a violation involving less than twenty-eight grams of crack cocaine is subject to an imprisonment term of zero to thirty years and a mandatory minimum term of six years of supervised release.  21 U.S.C. § 841(b)(1)(C).  These amendments were not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act.  *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012).

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act.  *See* First Step Act § 404.  Under § 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2

5

and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id.* § 404(b). The act defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." *Id.* § 404(a). The First Step Act further states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c).

In *Jones*, we considered the appeals of four federal prisoners whose motions for a reduction of sentence pursuant to § 404(b) were denied in the district courts. *See Jones*, 962 F.3d at 1293. First, we held that a movant was convicted of a "covered offense" if he was convicted of a crack-cocaine offense that triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii). *Id.* at 1300. Interpreting the First Step Act's definition of a "covered offense," we concluded that the phrase "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act" (the "penalties clause") modifies the term "violation of a Federal criminal statute." *Id.* at 1299; *see* First Step Act § 404(a). Thus, "a movant's offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties." *Jones*, 962 F.3d at 1298. Because section two of the Fair Sentencing Act "modified the statutory penalties for crack-cocaine offenses that have as an element the quantity of crack cocaine provided in subsections 841(b)(1)(A)(iii) and

6

(B)(iii)," a movant has a covered offense if he was sentenced for an offense that triggered one of those statutory penalties. *Id.*

Next, we explained that a movant's satisfaction of the "covered offense" requirement does not necessarily mean that the district court is authorized to reduce his sentence. *Id.* at 1303. Specifically, the "as if" qualifier in § 404(b) of the First Step Act, which states that any reduction must be "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed," imposes two limitations on the district court's authority. *Id.* (quotation marks omitted) (alteration in original); *see* First Step Act § 404(b). First, the district court cannot reduce a sentence where the movant received the lowest statutory penalty that would also be available to him under the Fair Sentencing Act. *Jones*, 962 F.3d at 1303. Second, in determining what a movant's statutory penalty would have been under the Fair Sentencing Act, the district court is bound by a previous drug-quantity finding that was used to determine the movant's statutory penalty at the time of sentencing. *Id.* Moreover, the Constitution does not prohibit district courts from relying on judge-found facts that triggered statutory penalties prior to *Apprendi*.[3] *See id.* at 1303-04.

Applying these limitations, we held that if a movant's sentence necessarily would have remained the same had the Fair Sentencing Act been in effect—in

---

[3] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

7

other words, if his sentence was equal to the mandatory minimum imposed by the Fair Sentencing Act for the quantity of crack cocaine that triggered his statutory penalty—then the Fair Sentencing Act would not have benefitted him, and the First Step Act does not authorize the district court to reduce his sentence. *Id.* at 1303.

Applying this "as-if" framework, we vacated and remanded the denials of two of the movants' motions because the district courts had authority to reduce their sentences under the First Step Act, but it was unclear whether the courts had recognized that authority. *Id.* at 1304-05. Specifically, as to movant Allen, we noted that the district court denied the motion because Allen's guideline range remained the same based on the drug-quantity finding made at sentencing, and his sentence was already at the low-end of that guideline range, such that the court may have incorrectly concluded that he was not eligible for a further reduction. *Id.* at 1305. As to movant Jones, however, we affirmed the denial of his motion, explaining that, although he was convicted of a covered offense, he had only raised the meritless argument that he was entitled to a reduced sentence based on *Apprendi* because his conviction was not supported by a drug-quantity finding by a jury. *Id.* at 1304.

Finally, we noted that although a district court may have the authority to reduce a sentence under § 404 of the First Step Act, it is not required to do so. *Id.* We held that a district court has wide latitude to determine whether and how to

8

exercise its discretion, and that it may consider the § 3553(a) factors and a previous drug-quantity finding made for the purposes of relevant conduct. *Id.* The First Step Act does not, however, authorize a district court to conduct a plenary or *de novo* resentencing in which it reconsiders sentencing guideline calculations unaffected by sections 2 and 3 of the Fair Sentencing Act. *United States v. Denson*, 963 F.3d 1080, 1089 (11th Cir. 2020).

In this appeal, Smith first argues that the district court erred by failing to consider all of the § 3553(a) sentencing factors. We need not decide in this case whether, in the context of a sentence reduction proceeding pursuant to the First Step Act, a district court is obligated to consider all § 3553(a) factors. As noted above, in *Jones* we held that a district court may consider the § 3553(a) factors, but we have not expressly addressed whether a district court must do so. Nevertheless, even in situations where consideration of the § 3553(a) factors is mandatory, it is not necessary for the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). In addition, a sentence may be affirmed so long as the record indicates that the district court considered a number of the factors. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007) (affirming appellant's sentence because even though the district court did not discuss each of the sentencing factors, the record showed that

9

it considered several of them).  Moreover, the weight given to any of the § 3553(a) factors is committed to the sound discretion of the district court.  *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016).  Even so, "[a] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir.2006)).  Furthermore, a district court's unjustified reliance on any one § 3553(a) factor to the detriment of all the others "may be a symptom of an unreasonable sentence."  *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

Under § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing, which are: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment.  18 U.S.C. § 3553(a).  Section 3553(a) also requires district courts to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to

10

avoid disparate sentences for defendants with similar records, and the need to provide restitution to any victims. *Id.*

The district court did not abuse its discretion in denying Smith's motion because regardless of whether it was required to consider the § 3553(a) factors, it did, in fact, consider a number of the factors in denying a reduction. In denying Smith's motion, the district court highlighted several factors. For example, the district court noted that Smith's guideline imprisonment range was unchanged by the Fair Sentencing Act and the First Step Act, which indicates that the district court considered the kinds of sentences available and the Sentencing Guidelines. *See id.* § 3553(a)(3), (4). The district court also noted Smith's extensive criminal history and the more lenient punishments that he had received in the past. This indicates that the district court considered Smith's history and characteristics. *See id.* § 3553(a)(1). Moreover, the district court noted that Smith possessed over one kilogram of cocaine less than one month after he committed the offense at issue here, which indicates that the district court considered the nature and circumstances of the offense. *See id.* § 3553(a)(1). Thus, even if a § 3553(a) analysis was required, the district court's assessment was sufficient because the record indicates that it considered a number of the § 3553(a) factors. *See Dorman*, 488 F.3d at 944.

11

In addition, although the district court did not explicitly discuss Smith's post-sentencing conduct and all of the intervening changes to the Sentencing Guidelines and the applicable statutory scheme, it was not required to do so, and the record as a whole indicates that it was sufficiently cognizant of those factors. The district court did not discuss these factors in denying Smith's motion, but it was not required to, as district courts are not required to discuss each § 3553(a) factor even when such an analysis is mandatory. *See Kuhlman*, 711 F.3d at 1326. Furthermore, to the extent that Smith argues that the district court gave insufficient weight to these factors, it should be noted that the weight assigned to each of the applicable factors was committed to the district court's discretion. *See Croteau*, 819 F.3d at 1309. Moreover, the fact that Smith raised these factors in a filing that the district court specifically requested suggests that the district court considered them.

Smith also argues that the district court's comment that "[n]othing has changed" indicates that it did not consider his post-sentencing conduct and intervening changes to the Sentencing Guidelines and statutory framework. Although one could arguably interpret the district court's comment that "[n]othing has changed" as Smith does, the context of the comment itself, as well as the record as a whole, leave us confident of a different interpretation. The comment immediately followed, in the same paragraph, with the district court's statement

12

that the guideline imprisonment range (188-235 months' imprisonment) had not changed and its summary of factors which explained why he had at sentencing imposed the sentence at the high end of that same guideline range. Thus, the context of the comment indicates merely the court's opinion that the guideline imprisonment range had not changed, nor had the facts which led him originally to impose a sentence at the high end. And it is even clearer from the record as a whole that this was the district court's meaning. When Smith's counsel filed an unopposed motion for sentence reduction, he urged the district court to impose a sentence of 188 months. Doc. 59 at 1. The district court responded with an order noting that the guideline imprisonment range—188 to 235 months' imprisonment—had not changed. The order required both parties to file a response with the court addressing why it should reduce Smith's sentence to the low end of the range when the court had refused that same request at sentencing. Doc. 61 at 1-2. In the responsive briefs of both the government and Smith's counsel, it was clear that the statutory sentencing range had changed as a result of the Fair Sentencing and First Step Acts, and that Smith was eligible for a sentence reduction. Smith's brief told the district court that this was undisputed. Doc. 64 at 1. We are confident that the district court was well aware of the changed statutory minimum and maximum prison sentences. The statutory imprisonment range at sentencing was ten years minimum to life maximum, but under the Fair Sentencing

13

and First Step Acts, the statutory imprisonment range at the time of Smith's motion was zero to thirty years. Smith's brief to the district court merely urged the court to consider the § 3553(a) factors (including Smith's exemplary accomplishments in prison) and urged the court to exercise its discretion to reduce his sentence. Thus, we are confident that the district court's "[n]othing has changed" comment meant only that the guideline imprisonment range had not changed nor had the reasons persuading the judge that the original 235-month sentence was appropriate.

Finally, Smith argues that the district court incorrectly calculated his statutory term of supervised release. The applicable statutory supervised release range has changed because while Smith was originally subject to a mandatory minimum supervised release term of eight years, under the Fair Sentencing and First Step Acts, he is now subject to a mandatory minimum supervised-release term of only six years. *See* 21 U.S.C. § 841(b)(1)(B), (C). Nevertheless, Smith's argument that the district court miscalculated his statutory supervised release term is not supported by the record. Although the district court did not expressly address supervised release, the record is clear that the district court was aware of the change in the statutory mandatory minimum supervised release. The briefing to the district court specifically called to the district court's attention that the mandatory minimum supervised release term had changed from eight years to six years. And we have already explained that the district court's comments—that the

14

guidelines range had not changed and that "[n]othing had changed"—referred only to the guidelines range for imprisonment and to the reasons which prompted the court at sentencing to impose a prison term at the high end of the guidelines range. In light of our confidence that the district court was aware of the changed statutory framework—with respect to statutory ranges of both prison and supervised release sentences—the district court's silence with respect to supervised release provides no basis to infer error. *Cf. Kuhlman*, 711 F.3d at 1326.

To conclude, we note that, by its express terms, nothing in § 404 of the First Step Act "require[s] a court to reduce any sentence," First Step Act § 404(c), or "authorize[s] a district court to conduct a plenary or *de novo* resentencing," *Denson*, 963 F.3d at 1089. Against this backdrop, nothing in the record suggests unreasonableness or an abuse of discretion by the district court in considering Smith's First Step Act motion.

**AFFIRMED.**

15